**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SEAN CARLOS BURKE, | : | Civil No. 1:26-CV-00565 |
| Plaintiff, | : | |
| v. | : | |
| MICHELLE CRIELY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is Plaintiff's motion for a preliminary injunction and for a temporary restraining order and a motion to compel. (Docs. 17, 20.) Plaintiff has raised several concerns through the discovery process that could have been resolved if he had attempted to resolve the discovery disputes with defense counsel prior to filing motions. For this and the other reasons detailed in this Memorandum, the court will deny Plaintiff's motions.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint on January 23, 2026, in the Court of Common Pleas for Cumberland County naming Michelle Criley, Captain J. Francis, Captain Spieles[1], and Deb Alvord as Defendants. (Docs. 1, 1-1, 1-2.) The complaint alleges sexual abuse of Plaintiff by the facility's librarian while he was housed at SCI-Camp Hill. (Docs. 1-1, 1-2.)

[1] The correct the spelling of Defendant Spieles' name is provided in the answer. (Doc. 6.)

On March 6, 2026, Defendants removed the action to this court. (Doc. 1.) On May 11, 2026, the court ordered Defendants to answer the complaint. (Doc. 5.) On June 1, 2026, Defendants filed their answer and affirmative defenses. (Doc. 6.) That same day, Defendants filed a motion seeking permission to depose Plaintiff. (Doc. 7.)

The next day, the court granted Defendants' motion to depose Plaintiff and filed a case management order. (Docs. 10, 11.) On July 8, 2026, the court received and docketed Plaintiff's motion for sanctions and brief in support. (Docs. 13, 14.) On July 9, 2026, the court entered an order denying the motion for sanctions. (Doc. 15.)

On July 31, 2026, Plaintiff filed a motion for preliminary injunction and/or motion for a temporary restraining order seeking an injunction to prevent the retaliatory actions, the destruction of video evidence, and the submission of fraudulent documents to the court. (Doc. 17.) On August 24, 2026, Plaintiff filed a motion to compel discovery responses. (Doc. 20.) On September 18, 2026, the court ordered Defendants to respond to both pending motions. (Doc. 22.) On September 28, 2026, Defendants filed briefs in opposition to the pending motions. (Docs. 23, 24.) To date, Plaintiff has not filed replies.

The court will now address the pending motions for preliminary injunction and to compel.

## DISCUSSION

### A. Plaintiff's Motion for Interim Injunctive Relief Will Be Denied.

Plaintiff's motion for a preliminary injunction and/or a temporary restraining order focuses on allegations that nonparty staff at the Department of Corrections ("DOC") took his personal property and he was transferred to SCI-Benner Township in retaliation for filing this lawsuit and for filing a private criminal complaint with the Carlisle-Cumberland County State Police. (Doc. 17, pp. 1–2.)[2] He states that non-party DOC staff would not sign his legal mail cash slips and threatened him, that his fiancé was not allowed to be on his visitor list, and that his private attorney's mail was rejected by Smart Communications. (*Id*., pp. 3–4.)

Plaintiff further alleges that he requires a court order to prevent Defendant Spieles and non-party Lieutenant Rose "from presenting fraudulent documentation before the Federal Bench in the form of the 'Other Report, Numbered D550322. . ." (*Id*, p. 5.) Plaintiff states that since this report does not appear on future Program Review Committee Other Reports, it is fraudulent. (*Id*.) Additionally, Plaintiff seeks a court order to stop the destruction of video footage from the first floor of the Education Building at SCI-Camp Hill from May 17, 2022 and May 24, 2022. (*Id*., pp. 6–7.) Plaintiff states that he asked non-parties Lieutenant Dickey

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

and Security Captain Baptist to preserve the video with a request slip on June 13, 2022. (*Id.*)

Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions. Motions for temporary restraining orders and preliminary injunctions are judged against exacting legal standards. Preliminary injunctive relief "is not granted as a matter of right." *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982). Rather, it "is an 'extraordinary remedy.'" *Doe by & through Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018) (quoting *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). A motion for such is properly granted only if such relief is the "only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). "It has been well stated that upon an application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir. 1937).

"When evaluating a motion for preliminary injunctive relief, a court considers four factors: (1) has the moving party established a reasonable likelihood of success on the merits (which need not be more likely than not); (2) is the movant more likely than not to suffer irreparable harm in the absence of preliminary relief; (3) does the balance of equities tip in its favor; and (4) is an injunction in the public interest?" *Fulton v. City of Philadelphia*, 922 F.3d 140,

152 (3d Cir. 2019), *rev'd and remanded sub nom. Fulton v. City of Philadelphia, Pennsylvania*, 593 U.S. 522 (2021). "The first two factors are prerequisites for a movant to prevail." *Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), *as amended* (June 26, 2017).

As the first two factors suggest, "there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (internal quotation marks omitted) (quoting *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). Thus, it is inappropriate to grant a motion for a preliminary injunction when the relief requested in the motion is unrelated to the allegations in the complaint. *Id.* at 838; *see also Moneyham v. Ebbert*, 723 F. App'x 89, 92 (3d Cir. 2018) (holding that the District Court correctly denied a "requested injunction because it involved allegations unrelated to the complaint").

Moreover, the limitations on the power of courts to enter injunctions in a correctional context are underscored by statute. Specifically, preliminary injunctive relief in a civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least

intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). Also, in considering a motion for preliminary injunctive relief, the court must give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. Id.

A court's discretion to issue preliminary injunctive relief is even further limited when a plaintiff seeks mandatory injunctive relief. "[W]hen the preliminary injunction is directed not merely at preserving the status quo but . . . at providing mandatory relief, the burden on the moving party is particularly heavy." *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980) (citing *United States v. Spectro Foods Corp.*, 544 F.2d 1175, 1181 (3d Cir. 1976)). "[A] mandatory injunction is an 'extraordinary remedy to be employed only in the most unusual case.'" *Trinity Indus., Inc. v. Chicago Bridge & Iron Co.*, 735 F.3d 131, 139 (3d Cir. 2013) (citing *Communist Party of Ind. v. Whitcomb*, 409 U.S. 1235, 1235 (1972)). For a court to grant mandatory injunctive relief, "the moving party's 'right to relief must be indisputably clear.'" *Id.* (quoting *Communist Party of Ind.*, 409 U.S. 1235). Furthermore, "a request for some form of mandatory proactive injunctive relief in the prison context 'must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Easley v. Tritt*, No. 1:17-CV-930, 2019 WL 1497054, at *3 (M.D. Pa. Mar. 11, 2019), *report and recommendation*

*adopted,* No. 1:17-CV-930, 2019 WL 1493172 (M.D. Pa. Apr. 4, 2019) (quoting *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

The court will deny Plaintiff's motion for preliminary injunction as to retaliatory conduct because it focuses on the actions of non-party DOC employees who are alleged to be retaliating against him for the filing of this civil action. First, the court notes that Plaintiff has not established that these actions by the third parties are associated with this civil action. Plaintiff assumes that such actions are done in retaliation for the filing of this civil action, but this court has repeatedly refused to find a causal connection when the alleged perpetrator of the retaliatory activity was not the subject of the constitutionally protected activity. *See Calloway v. Bauman*, No. 3:20-CV-2337, 2022 WL 4357468, at *9 (M.D. Pa. Sept. 20, 2022) *citing Victor v. Lawler*, No. 3:07-CV-2058, 2010 WL 5014555, at *5 (M.D. Pa. Dec. 3, 2010), *aff'd,* 565 F. App'x 126 (3d Cir. 2014); *also citing Evans v. Rozum*, No. CIV.A. 07-2301, 2009 WL 5064490, at *22 (W.D. Pa. Dec. 17, 2009) ("There is no apparent reason why [the moving defendants] would want to retaliate against Plaintiff for filing a lawsuit against others."); *also citing Royster v. Beard*, 308 F. App'x 576, 579 (3d Cir. 2009) (affirming summary judgment in favor of defendant on plaintiff's claim that he was retaliated against by a defendant who was not the target of his protected activity). Because the alleged actors who are the subject of

Plaintiff's motion are non-parties to this civil action, the court will not make the factual leap to retaliatory causation.

In addition, Plaintiff cannot establish a relationship between the injury alleged in Plaintiff's motion and the conduct asserted in the complaint. The court cannot enter a generic order precluding any actions on the part of all DOC staff that could be interpreted as retaliatory. As set forth above, the court must narrowly draw the terms of any injunction in the context of a prison. Therefore, Plaintiff's motion will be denied as to allegedly retaliatory actions by DOC staff.

As to the other two requests concerning the presentation of an allegedly fraudulent document to the court and the potential destruction of video footage, the court will also deny the relief sought. Defendants are free to submit evidence in support of their claims to the court in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure. Plaintiff is likewise free to challenge the relevancy and/or authenticity of any evidence submitted by Defendants. Such issues of relevancy and authenticity are more appropriately addressed in the discovery process, in dispositive motions, or through pretrial motions. A motion for interim injunctive relief is not the appropriate means by which to challenge the authenticity of evidence that is not currently before the court.

Likewise, the court will not enter an order restraining Defendants from destroying video evidence from May of 2022. Plaintiff has not presented any evidence to suggest the imminent destruction of this video evidence. In fact, he has stated that he requested the footage be preserved through an inmate request to staff in June of 2022. (Doc. 17, p. 6.) Furthermore, Defendants state that there was no video footage found during the internal investigation concerning the alleged sexual assaults and that they will procedure any video if any such footage is found. (Doc. 23, p. 12.) Therefore, without any statement that destruction of the footage is imminent, Plaintiff has not established that he will be harmed without the requested injunction. Therefore, Plaintiff's motion will be denied.

**B. Plaintiff's Motion to Compel Will Be Denied.**

Plaintiff has submitted a motion to compel seeking to compel Defendant Criley to respond to his written interrogatories and to compel the production of documents by Defendants Alvord, Spieles, and Francis. (Doc. 20.)

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . Information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(1); *see also Democratic Nat'l Committee v. Republican Nat'l Committee*, 2019 WL 117555, at *2 (3rd Cir. Jan. 7, 2019) ("The court may limit discovery to ensure its

scope is proportional to the needs of a case."). As such, "all relevant material is discoverable unless an applicable evidentiary privilege is asserted." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court. *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817–18 (3d Cir. 1982); *see* Fed. R. Civ. P. 26(b)(2)(C).

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense; the burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

**1. Defendant Criley**

First, Plaintiff is seeking to compel Defendant Criley to respond to the following 13 written interrogatories: (2) Have you always been attracted to black men?; (3) Are you now, or have you ever been involved in an intimate relationship with Deputy Superintendent William Nickow?; (4) Are you still dating Captain J.

Francis?; (9) What attracted you to the plaintiff, Mr. Sean Carlos Burke?; (11) Have you been diagnosed as a nymphomaniac?; (12) Do you suffer from a sexual addiction?; (13) Are you remorseful for what you did to the plaintiff?; (14) Do you wish you could go back and change the things that you did to the plaintiff, Sean Carlos Burke?; (15) Were you accused of sexual misconduct while a student in college?; (16) Have you Michelle Criley ever been arrested?; (17) In March of 2022 through May of 2022, who was the tall black man who periodically brought you to work (to the SCI-Camp Hill Facility)?; (18) Eyewitnesses have provided information that you Michelle Criley were romantically involved with this person of interest (the tall black man) who drove you to work on numerous occasions in March of 2022 through May of 2022?; and (19) Have you ever commented to you co-workers, inmates, employees or your friends "I'm smarter than everybody else, I have my masters? (Doc. 21, p. 5; Doc. 20-3.)

Plaintiff specifically states that his request "goes to the defendant[']s character, if the defendant has a history of being strong willed and aggressive of a sexual nature, with the men she has been involved with, which would tend to show and substantiate the character of which the plaintiff has depicted by way of this complaint. Thus, the plaintiff must be allowed to explore the defendant's openness regarding her sexual desires." (Doc. 20, p. 3.) Defendants added interrogatory

request number 8 (Have you always been promiscuous?) to the list because that question concerns promiscuity. (Doc. 24, p. 6.)

Here, Defendants ask the court to consider the relevancy of this information. (Doc. 24.) As set forth above, Plaintiff bears the burden of establishing relevancy, and a matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Through a lens of relevance, the court finds that whether or not someone is strong willed and sexually aggressive in her romantic relationships has no tendency to make the existence or nonexistence of whether she assaulted Plaintiff in the prison more probable than it would be without that evidence. This is inadmissible character evidence pursuant to Federal Rule of Evidence 404(a)(1). Plaintiff provides no other rationale concerning the relevance for these questions besides showing "Defendant Criley's sexual proclivities." (Doc. 21.) With no other explanation, the court finds that Plaintiff has not met his burden of demonstrating that the requested evidence is relevant under *Goodman*. Therefore, the court will deny Plaintiff's motion to compel answers to his written interrogatories from Defendant Criley.

**2. Defendant Alvord**

Plaintiff seeks an order compelling Defendant Alvord to response to his first request for the production of documents. (Doc. 20, p. 3.) Plaintiff asserts that he

submitted his requests for the production of documents to Defendant Alvord on April 15, 2026, and he received objections/responses to two of the seven requests dated July 22, 2026. (*Id.*) Plaintiff seeks the production of all seven requests. (*Id.*)

Defense counsel explains that there was a delay in responding to Plaintiff's requests because his requests were included with the requests sent to Defendant Spielies. (Doc. 24, p. 5.) Defense counsel further states that after Plaintiff notified her of the outstanding request, she located it and provided responses to Plaintiff. (*Id.*, pp. 4–5.) Next, defense counsel explains that she only provided responses to two of the seven requests because only requests one and two were found in the materials sent to Defendant Spieles. (*Id.*, p. 10.) Defense counsel states that she will pull requests three through seven from the docket and provide a response. (*Id.*) Therefore, Plaintiff's motion to compel responses to request for production three through seven will be denied without prejudice to allow Defendant Alvord an opportunity to respond.

Turning to the requests for production one and two, defense counsel objected because the requests were vague and Defendant Alvord no longer works for the DOC, which means she does not have possession, custody, or control of the requested documents. (Doc. 24-5, pp. 3–4.) Here, the court cannot compel a party to produce documents they do not have control over. Furthermore, Plaintiff is free

to request such documents from other parties or subpoena documents from third parties. Therefore, the court will deny Plaintiff's motion to compel documents in response to requests one and two.

**3. Defendant Spieles**

Plaintiff seeks an order compelling the production of video evidence. (Doc. 20, p. 4.) Plaintiff requested the production of five separate videos and Defendant Spieles stated that in response to each request that "after reasonable investigation, I did not locate any video responsive to this request within my possession, custody, or control." (Doc. 24-7.) Plaintiff asserts that Defendant Spieles' response "[l]ead[s] one to believe that Video Evidence must be in the control and custody of defendant's employer – The Pennsylvania Department of Corrections." (Doc. 20, p. 4.) In his brief in support, Plaintiff asserts that since Defendant Spieles did not deny the existence of the video evidence, it must exist and must be under the control of his employer. (Doc. 21, p. 8.)

Defense counsel responds by asserting that she has been working with the DOC to locate any video evidence and will continue to do so in light of the information that Plaintiff provided with his various motions, including the statement that he requested video evidence be preserved as part of his motion for a preliminary injunction. (Doc. 24.)

In light of Defense counsel's commitment to producing any video evidence located, and the fact that the court cannot order the production of evidence not within a party's possession, custody, or control, the motion to compel will be denied.

**4. Defendant Francis**

Plaintiff seeks an order compelling the production of documents concerning misconduct reports and investigation into the alleged assaults and Defendant Criley's allegations that Plaintiff was stalking her from Defendant Francis. (Doc. 20, p. 5.)

First, Plaintiff requested the SCI-Camp Hill Control (Misconduct Log Book) pages for June 8, 2022 and June 9, 2022. (Doc. 24-9, p. 3.) Defense counsel responded that she already produced Plaintiff's misconduct log, that any such log was not in Defendant Francis' possession, custody, or control, and to the extent that such a document exists, it is with a third party and confidential information related to other inmates could not be produced. (Docs. 24-9; Doc. 24, p. 14.) Again, the court cannot compel the production of documents not within a party's possession, custody, or control. Furthermore, the court will not order the production of disciplinary records of non-party inmates. *See KANI LITTLE, et al., Plaintiffs, v. DAUPHIN COUNTY, et al., Defendants.*, No. 4:24-CV-02169, 2026

WL 2943143, at *13 (M.D. Pa. Sept. 30, 2026). Therefore, Plaintiff's request will be denied.

Second, Plaintiff requests the production of all DC-121 information reports submitted by Defendant Criley prior to the date of June 8, 2022 with any reference to Plaintiff. (Doc. 24-9, p. 4.) Defendant Francis responded with a statement that such a report was not in his possession, custody, or control, and he had no recollection of receiving any DC-121 report from Defendant Criley on June 8, 2022. (*Id.*) Defense counsel also points out that she provided a copy of the DC-121 form submitted to Captain Kuzar on June 9, 2022. (Doc. 21, p. 13; Doc. 24-11). Here, the court cannot compel the production of documents not in the possession, custody, and control of a party. Likewise, the court cannot compel the production of documents that do not exist. *Wells v. JPC Equestrian, Inc.*, No. 3:13-CV-2575, 2014 WL 5641305, at *4 (M.D. Pa. Nov. 4, 2014) *citing Taylor v. Harrisburg Area Cmty. Coll.*, No. 1:12-CV-0169, 2013 WL 6095481 (M.D. Pa. Nov. 20, 2013). Therefore, Plaintiff's request will be denied.

Third, Plaintiff requests the production of the inmate abuse coversheet provided by the Bureau of Investigation and Intelligence ("BII") when there is a report the allegation of abuse, with BII case tracking number-2022-P-1357. (Doc. 24-9, p. 5.) Defendant Francis objected because this document is not in his possession, custody, and control, and points Plaintiff to the already produced BII

investigation file. (Doc. 24-9, p. 5; Doc. 24, pp. 12–13; Doc. 24-12.) Again, the court cannot order the production of evidence not in a party's possession, custody, or control and must deny Plaintiff's request.

Fourth, Plaintiff requests the production of the investigative report compiled by SCI-Camp Hill Security Office/BCC pursuant to DC-ADM001, Inmate Abuse Procedures Manual, Section 1 – General Procedures at Subsection C Investigating Allegations of Abuse at subpart (1)(a), (b) and (c)(1) through (7). (Doc. 24-9, p. 6.) Defendant Francis objected, stating that the information was not within his possession, custody, or control, and because it seeks confidential and privileged information that if produced would jeopardize the DOC's safety and security. (*Id.*) Again, the court cannot order the production of evidence not within a party's possession, custody, or control. Further, the court notes that Defendant Francis pointed to the already produced documents including the state police and BII investigation into Plaintiff's reported abuse. (*Id.*)

Fifth, Plaintiff requests an order compelling the production of the investigative report prepared by the facility of SCI-Camp Hill with all attachments which would have been forwarded to BII for review within 30 business days of SCI Camp Hill's receipt of BII case tracking number. (Doc. 24-9, p. 7.) Again, Defendant Francis responded with an objection because, to the extent this evidence

exists, it is not within his possession, custody, or controls and points Plaintiff to the evidence already produced. (*Id.*) Therefore, Plaintiff's request will be denied.

Sixth, Plaintiff requests an order compelling the production of all notifications submitted by SCI-Camp Hill Facility Manager, William Nicklow, which notified BII in writing or via e-mail of the need for additional time for the investigation. (Doc. 24-9, p. 8.) Defendant Francis objected because he cannot produce evidence not in his possession, custody of control. (*Id.*) In their responsive pleadings, Defense Counsel spells out that they cannot be expected to go to a third party, gather evidence and report back to Plaintiff. (Doc. 24, pp. 1–15.) Further, Defense Counsel points out that based on the investigation report already produced to Plaintiff, Francis was not the investigator and Plaintiff has the opportunity to depose the PREA and Pennsylvania State Police investigators pursuant to Fed. R. Civ. P. 30. (*Id.*) Again, because the court cannot compel the production of evidence not within a party's possession, custody, or control, the request will be denied.

Based on the responses to these requests, Defendants were not in possession of the requested evidence and/or the requested evidence had already been produced in the initial disclosure. (Doc. 24.) Fed. R. Civ. P. 37 allows a party to file a motion to compel, but that motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to

make disclosure or discovery in an effort to obtain it without court action." Here, it is evident that Plaintiff was not satisfied with the responses of Defendants and proceeded directly to file a motion to compel without conferring to any extent with defense counsel. In the future, Plaintiff is directed to discuss discovery objections with defense counsel before filing a motion to compel. Future failure to certify compliance with the meet-and-confer requirement will result in a motion to compel being stricken from the record.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motions will be denied. Plaintiff may, after conferring with defense counsel, challenge Defendant Alvord's requests for production numbers three through seven because those requests were not answered prior to filing his motion to compel.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Date: October 30, 2026